IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN FORD,

      Plaintiff,                    No. 2:13-cv-0591 AC P

     vs.

STATE OF CALIFORNIA,

      Defendant.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 5.

        By Order filed on April 1, 2013 (ECF No. 4), plaintiff was granted thirty days to provide a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff has now provided a certified trust account statement (ECF No. 6) and submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay a statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). However, because the complaint must be dismissed with prejudice for the reasons explained below, the filing fee will be waived.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that in 2010 he was evaluated by two psychiatrists for two hours each. Both psychiatrists concluded that plaintiff was a sexually violent predator (SVP). Plaintiff's case was then referred to the district attorney, who sent plaintiff to Coalinga State Mental Hospital as a mentally disordered sex offender (MDSO) and SVP. Plaintiff alleges he was diagnosed as "insane." He claims his criminal case was "dropped" and that he was released from Coalinga before being re-evaluated to determine his sanity. Thereafter, due to his "uncontrollable urges," he was convicted of a felony and, because the new conviction constituted a third strike, plaintiff is now serving a life sentence in prison. Plaintiff contends that Coalinga State Mental Hospital should never have released him because he was at the time, and remains, "insane." Plaintiff seeks as relief an order from the court placing him back in Coalinga State Mental Hospital so that he can be "cured" or at least have his illness suppressed. Complaint at 3.

Plaintiff appears to be seeking to challenge the constitutionality of his conviction or his custody rather than the conditions of his confinement. Placement back in Coalinga would require plaintiff's present conviction to be invalidated.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 [] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Accordingly, if plaintiff wishes to challenge the basis of his current custody he may proceed only by way of a habeas petition pursuant to 28 U.S. C. § 2254.

3

In any event, the only defendant named in this putative §1983 action is the State of California. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the state are frivolous and must be dismissed.

Because plaintiff's claims are frivolous this case will be dismissed without leave to amend. "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999)). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")). In this case, the court can discern no manner in which plaintiff could cure the defects of his complaint. This appears to be one of those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

////

////

////

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is summarily dismissed as frivolous and this case is closed.

DATED: June 21, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
ford0591.b